BURTON THOMPSON. Appellant, *v.* JACKSON-STEINWAY
COMPANY et al., Respondents.

*Thompson* v. *Jackson-Steinway Co.*, 167 App. Div. 898, affirmed.
(Argued October 25, 1917; decided November 13, 1917.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered February 5, 1915, affirming a judgment in favor
of defendant entered upon a dismissal of the complaint
by the court on trial at Special Term. In February,
1906, the defendant John M. Thompson and one George
B. F. Randolph, now deceased, as brokers, negotiated
a contract for the sale of a tract of property in Long
Island City, containing 375 lots, for the sum of $460,000.
The vendor in this transaction was the Pennsylvania
Terminal Real Estate Company, and the purchaser was
William N. Heard, who acted as a dummy for the real
principals. The defendant Jackson-Steinway Company
was subsequently organized and took title to the property
upon the closing. For their services in the transaction
John M. Thompson and Randolph were entitled to a
brokerage commission of $11,500. This amount, together
with an additional $1,000 in cash contributed by Ran-
dolph was turned in by them to the defendant Jackson-
Steinway Company, and on April 21, 1906, that company
by a formal written contract dated on that day employed
these brokers as its agents for the management and resale
of the property in question. By the terms of this con-
tract the company stipulates to pay the brokers for the
services to be rendered by them twenty-five per cent
of its profits on resales of the property, such profits
to be ascertained and paid upon an audit of the company's
books at the end of its fiscal year. By a series of mesne
assignments from John M. Thompson the plaintiff
became vested on November 30, 1906, with the right to
forty per cent of the profits accruing to the former under
the contract. For an accounting as to such share this

action was brought. The Special Term held that the books of the defendants did not show any profits; that the plaintiff had no right to an accounting in the then state of the enterprise and that the action had been prematurely brought.

*Donald A. Millard* for appellant.

*Benjamin Scharps* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ.